# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

CARL ALLEN a/k/a )
ARTIE PERKINS, )
                 )
      Plaintiff, )
                 )
VS. )      No. 13-2378-JDT-dkv
                 )
A.G. MULLINS, ET AL., )
                 )
      Defendants. )

---

### ORDER PARTIALLY GRANTING MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF'S MOTION FOR SUBPOENA AND SETTING DISCOVERY AND MOTION DEADLINES

---

      The *pro se* prisoner Plaintiff, Carl Allen a/k/a Artie Perkins, a pretrial detainee at the Shelby County Criminal Justice Complex in Memphis, Tennessee, filed a complaint pursuant to 42 U.S.C. § 1983 on June 3, 2013, accompanied by a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to 28 U.S.C. § 1915(a)-(b). (ECF No. 3.) On July 18, 2013, the Court issued an order dismissing the complaint and first amended complaint claim but granting leave to file a second amended complaint as to the claim alleging malicious prosecution. (ECF No. 6 at 19.)[1] On October 25, 2013, the Court directed that process be issued and served on three defendants: Memphis Police Officers Cecil Davis and David Sloan and Tennessee Highway Patrol Officer Diane Joyner. (ECF No. 13.)

---

[1] The order warned that if Plaintiff did not file a second amended complaint within 30 days, judgment would be entered. (*Id.*) When it appeared Plaintiff had not complied with the order, the Court directed the entry of judgment. (ECF Nos. 7 & 8.) However, Plaintiff filed a motion for relief from the judgment (ECF No. 9), which was granted on October 4, 2013 (ECF No. 12).

Defendant Joyner subsequently filed a motion to dismiss contending both that all of the claims against her were barred by the applicable one-year statute of limitations in Tennessee Code Annotated § 28-3-104(a)(3), and that any official capacity claims were barred by the Eleventh Amendment's grant of sovereign immunity. (ECF No. 40.) The Court partially granted the motion, dismissing the official capacity claims based on sovereign immunity but denying the motion with regard to the timeliness of the individual capacity claims. (ECF No. 48.) Defendant Joyner filed an answer on October 20, 2014. (ECF No. 53.)

Defendants Sloan and Davis filed a motion for summary judgment on September 10, 2014. (ECF No. 47.) Plaintiff filed a response to the motion on October 10, 2014 (ECF Nos. 49, 50, 51, & 52), and Defendants filed a reply on October 24, 2014 (ECF No. 54).

Pursuant to Fed. R. Civ. P. 56, summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he burden on the moving party may be discharged by 'showing'–that is, pointing out to the district court–that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Rule 56(c)(1) provides that "[a] party asserting that a fact cannot be or is genuinely disputed" is required to support that assertion by:

> (A)    citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers or other materials;[2] or

----

[2] "A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Rule 56(c)(4) also provides that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated."

> (B)    showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" the district court may:

> (1)    give an opportunity to properly support or address the fact;
>
> (2)    consider the fact undisputed for purposes of the motion;
>
> (3)    grant summary judgment if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it; or
>
> (4)    issue any other appropriate order.

Fed. R. Civ. P. 56(e).

In *Celotex Corp.*, the Supreme Court explained that Rule 56:

> mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof.

477 U.S. at 322-23. In considering whether to grant summary judgment, "the evidence as well as the inferences drawn therefrom must be read in the light most favorable to the party opposing the motion." *Kochins v. Linden-Alimak, Inc.*, 799 F.2d 1128, 1133 (6th Cir. 1986); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986) (same).

A genuine issue of material fact exists "if the evidence [presented by the non-moving party] is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff. The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict[.]"

*Id.* at 252; *see also Matsushita*, 475 U.S. at 586 ("When the moving party has carried its burden under Rule 56[(a)], its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." (footnote omitted)). However, the Court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Liberty Lobby*, 477 U.S. at 249. Rather, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

In the order to issue process, the Court summarized the allegations in the second amended complaint:

Plaintiff asserts that he first moved to the State of Tennessee in 1977 and, since that time, has resided in Memphis. (2d Am. Compl. ¶ 1, [ECF No.] 11 at 2.) Plaintiff first registered as a sex offender in Memphis in 2001. He used his Tennessee driver's license, which he had first obtained in 1977, as identification. (Id. ¶ 2.) On September 14, 2010, Defendants prepared a statement of probable cause which stated that Plaintiff has "previously obtained a Photo ID Card or Drivers License that was properly designated with a Code 88 Sexual Offender restriction by the Tennessee Department of Safety prior to December 11, 2009." (Id. ¶ 3 (emphasis omitted).) That statement allegedly was false. Prior to Plaintiff's arrest on December 11, 2009, he contends he had no "Code 88 Sexual Offender" restriction on his driver's license. (Id. ¶ 4 at 2-3.) Had Defendants checked the records of the Tennessee Department of Safety prior to preparing their statement of probable cause, they would have discovered that fact. (Id. at 3.)[1] Plaintiff further alleges that the Defendants "influenced and/or participated in the decision to Indict" him by presenting the false probable cause statement to the Shelby County District Attorney. (Id. ¶ 5.)

(ECF No. 13 at 2-3 (footnote omitted).)  On September 14, 2010, Plaintiff was indicted for violating the Tennessee statute requiring him to carry identification designating him as a sex offender.  (ECF No. 1 at 3-4.)  However, the charge was dismissed on June 13, 2012.  (*Id.* at 4.)

In support of their motion for summary judgment, Defendants Sloan and Davis have submitted their affidavits, accompanied by several exhibits.  (Davis Aff., ECF No. 47-3; Sloan 8/8/14 Aff., ECF No. 47-4; Exs., ECF Nos. 47-5, 47-6 & 47-7; Sloan 10/16/14 Aff., ECF No. 54-1.)  Plaintiff has submitted his own Affidavit in opposition to Defendants' motion, accompanied by a copy of the indictment.  (Allen Aff., ECF No. 52.)

Defendants contend they are entitled to judgment as a matter of law because Plaintiff cannot show they were involved they were involved in his arrest or indictment.[3]  In Defendant Davis's Affidavit, he states that he has no knowledge of Plaintiff's arrest or later indictment.  (Davis Aff., ECF No. 47-3 at 1.)  Davis further states that, based on his personal recollection after reviewing certain documents related to Plaintiff's arrest, he did not prepare any probable cause statement or turn over any such document to the district attorney on or about September 14, 2010.  (*Id.*)

Similarly, in Defendant Sloan's August 8, 2014, Affidavit, he also stated that he had no knowledge of Plaintiff's arrest or indictment and that, based on his personal recollection after reviewing documents related to Plaintiff's arrest, he did not prepare any probable cause statement or turn over any such document to the district attorney on or about September 14, 2010.  (Sloan 8/8/14 Aff., ECF No. 47-4 at 1.)

---

[3] Defendants Davis and Sloan also move for summary judgment on the ground that the claims against them are barred by the one-year statute of limitations.  *See* Tenn. Code Ann. § 28-3-104(a)(3).  For the reasons stated in the order denying Defendant Joyner's motion to dismiss (*see* ECF No. 48 at 2-4), that argument is not well taken.

In Plaintiff's Affidavit, he states that both "D. Sloan" and "C. Davis" are listed as witnesses on the indictment and that Davis is listed as "Prosecutor." (Allen Aff., ECF No. 52 at 1-2; *id.* Ex. A, Indict., at 6.) Plaintiff further states that a document which both Defendants Sloan and Davis stated they reviewed, which is dated April 6, 2010 and titled "Probable Cause" (*see* Davis Aff., ECF No. 47-3 at 11; Sloan 8/8/14 Aff., ECF No. 47-4 at 11), is not the Probable Cause Statement which he alleges they were involved in preparing. (Allen Aff., ECF No. 52 at 1-2.) He states the Probable Cause Statement to which he refers is part of District Attorney General's File #AS8765, which was prepared on or about September 14, 2010 and contains the name of Officer C. Davis. (*Id.* at 2.)

In reply to Plaintiff's response and Affidavit, Defendant Sloan submitted a second Affidavit, in which he clarifies that the indictment does reflect that he presented Plaintiff's case to the grand jury. (Sloan 10/16/14 Aff. ¶ 3, ECF No. 54-1 at 1.) However, Sloan states that while he was with the Sex Crimes Bureau, he regularly presented cases in which he was otherwise uninvolved to the grand jury. Sloan further states he did not prepare the probable cause statement to which Plaintiff refers or any other paperwork related to Plaintiff's indictment; other than his presentation of the case to the grand jury, Sloan was not involved in Plaintiff's prosecution. (*Id.* ¶¶ 4-7.) Defendant Davis submitted no additional evidence in reply to Plaintiff's Affidavit.

Plaintiff has not refuted Defendant Sloan's second Affidavit, asserting that his only role in Plaintiff's prosecution was the formal presentation of the case, in which he had no other involvement, to the grand jury. Therefore, the Court finds there are no genuine issues of material fact for trial with regard to Plaintiff's claim against Sloan; therefore, Sloan is entitled to judgment as a matter of law.

The Court also finds, however, that Defendant Davis is not entitled to judgment as a matter of law. Davis's statement that he had no knowledge of Plaintiff's indictment (Davis Aff., ECF No. 47-3 at 1) is called into question by the fact that "C. Davis" is listed on the indictment as a witness and as prosecutor and by Plaintiff's assertion that the September 14, 2010 Probable Cause Statement refers to C. Davis. (Allen Aff., ECF No. 52 at 2.)[4]

For the foregoing reasons, the motion for summary judgment is GRANTED with regard to the claims against Defendant Sloan but DENIED as to the claims against Defendant Davis.

On November 19, 2014, Plaintiff filed a motion asking the Court to issue a subpoena directed to the Shelby County District Attorney requiring the production of File #AS8765. (ECF No. 56.) Technically, in accordance with Federal Rule of Civil Procedure 45, no motion is required to obtain issuance of a subpoena, as a simple request to the Clerk would have sufficed. However, Plaintiff must complete the subpoena himself, as the Clerk is not required to complete it for him. *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service.") Once the subpoena is completed, if Plaintiff desires to have it served by the U.S. Marshal, he must return it to the Clerk along with a motion requesting service by the Marshal.[5] *See* 28 U.S.C. § 1915(d) (Providing that for litigants

---

[4] The fact that neither Plaintiff nor Defendants has submitted a copy of the Probable Cause Statement in question does not require granting summary judgment to Defendant Davis at this time. The Defendants' motion for summary judgment was filed prior to the entry of any scheduling order and prior to the parties engaging in discovery.

[5] Plaintiff is not required to have the subpoena served by the Marshal, as Rule 45 provides that a subpoena may be served by "[a]ny person who is at least 18 years old and not a party." Fed. R. Civ. P. 45(b)(1).

who have been permitted to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.").

Plaintiff's motion for issuance of a subpoena is GRANTED, and the Clerk is directed to issue a subpoena, signed but otherwise in blank, and send it to Plaintiff. If Plaintiff wants service by the Marshal, he should complete the subpoena and return it to the Clerk with a motion for such service.

**The Court hereby sets a deadline of June 30, 2016 for completing all discovery, and a deadline of August 1, 2016, for filing additional dispositive motions.** The case will be set for trial by the Clerk.

IT IS SO ORDERED.

                         s/ **James D. Todd**             
                        JAMES D. TODD
                        UNITED STATES DISTRICT JUDGE