IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CARL ALLEN a/k/a ARTIE PERKINS, | ) ) ) |
| Plaintiff, | ) ) |
| VS. | ) ) No. 13-2378-JDT-dkv |
| A.G. MULLINS, ET AL., | ) ) ) |
| Defendants. | ) ) |

ORDER DENYING PLAINTIFF'S MOTIONS FOR COPIES OF DOCUMENTS,
DENYING PLAINTIFF'S MOTIONS TO TAKE DEPOSITIONS AND
MODIFYING SCHEDULING ORDER

On May 16, 2016, the *pro se* prisoner Plaintiff, Carl Allen a/k/a Artie Perkins, filed a motion asking the Court to direct the Clerk to provide him with free extra copies of various documents in this case. (ECF No. 68.) He states that his legal documents were taken by police officers when he was arrested on November 15, 2016, and have not been returned to him. (*Id.* at 1.) Plaintiff further states that he does not have access to a computer or internet service and cannot afford the cost of copies. (*Id.* at 2.) He requests that the Clerk provide him with 15 specific docket entries. (*Id.* at 2-3.) Plaintiff also filed a motion to expedite a ruling on the request for copies (ECF No. 82), in which he states that he needs the documents in order to conduct discovery (*id.* at 2).

Plaintiff's indigent status does not entitle him to unlimited free copies of any documents filed in this case. The documents he requests total 144 pages, and the Court declines to direct the Clerk to provide so many copies to Plaintiff free of charge. Therefore, the motions for copies (ECF Nos. 68 & 82) are DENIED. Plaintiff may obtain any of the copies he wants by paying the required copy fee of 50 cents per page.[1]

On June 2, 2016, Plaintiff filed a motion asking the Court to appoint an officer to take depositions in this case and order the officer to provide Plaintiff with a copy of the transcripts free of charge (ECF No. 75); he filed a motion to expedite a ruling on that motion on June 13, 2016 (ECF No. 81). However, Plaintiff has provided no citation of authority for the Court to assume his discovery expenses. As explained in *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770 (N.D. Ill. June 26, 1996):

> *Pro se* litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D. Pa. 1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184-85 (S.D.N.Y. 1986) (*in forma pauperis* statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F. Supp. 1070, 1072

---

[1] The length of the documents sought by Plaintiff is as follows:
    Docket #1 - 13 pages        Docket #47 - 56 pages
    Docket #4 - 2 pages         Docket #49 - 3 pages
    Docket #5 - 5 pages         Docket #50 - 8 pages
    Docket #6 - 19 pages        Docket #51 - 7 pages
    Docket #11 - 4 pages        Docket #52 - 7 pages
    Docket #34 - 3 pages        Docket #53 - 3 pages
    Docket #40 - 2 pages        Docket #54 - 6 pages
    Docket #41 - 6 pages

(S.D.N.Y. 1985) (no clear statutory authority for the repayment of discovery costs for *pro se in forma pauperis* plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y. 1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D. Wis. 1975) (28 U.S.C. § 1915 "does not extend to the cost of taking and transcribing a deposition."); *Ebenhart v. Power*, 309 F. Supp. 660, 661 (S.D.N.Y. 1969) ("Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.").

> The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay . . . . Instead, plaintiff may conduct his discovery by means of written interrogatories.

*Id.* at *1, *quoted in Shoucair v. Snacker*, No. 05-40341, 2009 WL 482689, at *1 (E.D. Mich. Feb. 25, 2009); *see also Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *2-3 (W.D. Mich. Feb. 22, 2006).

As Plaintiff has indicated that he cannot afford to pay the costs incurred in the taking of depositions, his motions to appoint an officer (ECF Nos. 75 & 81) are DENIED. Plaintiff must utilize other methods of discovery to obtain the information he seeks.

**The discovery deadline in this case is extended through August 31, 2016, and the dispositive motion deadline is extended through September 30, 2016.**

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE